## Lillian Trafelet by Charles Trafelet, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 22,392.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the March term, 1916. Reversed with finding of fact. Opinion filed November 27, 1916.

## Statement of the Case.

Action by Lillian Trafelet, by Charles Trafelet, her next friend, plaintiff, against the Chicago City Railway Company, a corporation, defendant, in the Superior Court of Cook county, to recover for personal injuries sustained as a result of being struck by one of defendant's electric street cars. From a judgment for plaintiff for $7,000, defendant appeals.

The accident occurred August 29, 1912, about 4 p. m. The evidence tended to show that plaintiff, a child under the age of eight years, with a companion, was on the west side of Indiana avenue, in Chicago, about midway between 31st and 32nd streets and started to cross to the east side. At the southwest corner of 31st street a building was being constructed and the street for about one hundred and fifty feet south of 31st street was obstructed with building material. Plaintiff was struck by a northbound car as she and her companion suddenly ran into Indiana avenue when the car was about twenty feet south of the point where she left the sidewalk. The car was running at an ordinary

rate of speed, and, on seeing plaintiff, the motorman shut off power and applied the air brake. Plaintiff ran into the west side of the car about eight feet to the rear of the front. The car stopped within seventy-five feet north of where plaintiff was picked up.

FRANKLIN B. HUSSEY and CHARLES LE ROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

JOSEPH R. BURRES, for appellee; J. S. DUDLEY, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 131*—*when allegation that car was running at excessive speed not sustained by evidence.* In an action to recover for personal injuries sustained as a result of being struck by defendant's street railway car, an allegation that the car was running at an excessive rate of speed, *held* not sustained by the evidence.

2. STREET RAILROADS, § 64*—*when motorman not guilty of negligence.* A street car motorman who was not running his car at an excessive rate of speed *held* not guilty of negligence in striking a pedestrian who suddenly dashed from the sidewalk to cross in front of the car, where the evidence showed that the motorman could not, by the exercise of extraordinary care and diligence, have stopped the car in time to avoid the accident, even though it took place at a street crossing and though the motorman saw the pedestrian when she started from the sidewalk.

3. STREET RAILROADS, § 131*—*when verdict for plaintiff contrary to evidence.* In an action to recover for personal injuries sustained as a result of being struck by defendant's street railway car, where plaintiff came out from behind an obstruction in the street in the middle of a block and started to cross in front of the car, and where there was evidence that the car was not running at an excessive rate of speed, and that when the motorman saw plaintiff, he shut off the power and applied the air brake, a verdict and judgment for plaintiff *held* clearly contrary to the weight of the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. STREET RAILROADS, § 63*—*what is effect of street obstructions as to duty of motorman.* The fact that there are obstructions in a street occasioned by the construction of a building does not operate to change the place of crossing for pedestrians from the crosswalk to the middle of the block, or to impose a duty on the servants of a street car company to anticipate that pedestrians would suddenly cross the street in the middle of the block.

5. STREET RAILROADS, § 73*—*when failure to sound gong not negligent.* No negligence can be imputed to a street car motorman as a matter of law in not sounding the gong or arresting the speed of the car in the middle of the block.

6. STREET RAILROADS, § 66*—*when duty of motorman discharged after discovery of peril.* In an action to recover for personal injuries sustained as a result of being struck by defendant's street car, where defendant's motorman was not running at an excessive rate of speed, there can be no liability where all things possible to be done were done by the motorman to avoid the accident, the environment of the parties considered.

7. APPEAL AND ERROR, § 1778*—*when Appellate Court may reverse with finding of fact.* The Appellate Court on review is not restrained, as is the trial court, from determining the probative force of the evidence, and may reverse a judgment with a finding of fact when in its opinion the evidence fails to sustain such judgment.